J. M. CANNON *v.* JOHN GARTMAN, Treasurer of Lawrence County.

1. SET-OFF—SCHOOL AND THREE PER CENT. FUNDS AND COUNTY WARRANTS—JUDGMENT.—Whether in a suit by a county treasurer for the recovery of school or three per cent. funds loaned at interest, county warrants and the like, may be pleaded and proved as set-off—*quære*. But the possession of such counter claims by a judgment debtor cannot, after rendition of the judgment, be made available against it through the medium of a court of equity; and a decree of the chancery court dissolving an injunction sued out by the judgment debtor to restrain execution in such a case, was not error.

Error to the chancery court of Lawrence county. MILL-SAPS, J.

Plaintiff in error assigned the following errors :

The court erred in dissolving the injunction and dismissing the bill of complaint.

*J. B. Chrisman,* for appellant.

This was a bill for injunction, filed by a debtor to the county, who had borrowed a portion of the three per cent. fund, to restrain a sale of his property for gold or greenbacks, when he was willing to pay, and offered to pay the debt in the warrants of the county. The answer admits all the allegations of the bill, but defends, and moves to dissolve because the treasurer is not bound to accept county paper in discharge of the debt, and because the warrants are depreciated. The court dissolved the injunction, and complainant appealed. The sole question is this : Is the treasurer bound to accept county paper in discharge of this debt? See Rev. Code, art. 30, p. 78.

TARBELL, J.:

At the May term, 1869, of the chancery court of Lawrence county, James M. Cannon filed his bill of complaint against N. Robertson, treasurer of that county, stating in substance, that the said treasurer recovered a judgment against him for the sum of three hundred and ninety-six dollars and ten cents, on a debt due to the county prior to June 1st, 1865; that upon the recovery of said judgment, and immediately thereafter, he offered to pay said judgment in the issues of the county—jury certificates, etc., which were issued since the restoration of the state to its allegiance, and the acknowledgement of the supremacy of the federal government. Complainant, in his bill, offers to bring said certificates into court, in amount sufficient to pay said judgment, together with United States legal tender notes, to pay the costs. It is alleged that the treasurer, and tax collector, and the sheriff who holds the execution on the judgment, refuse to accept county warrants in payment of said judgment, and the payment thereof is required in United States currency. The sheriff being about to levy the execution upon the property of the complainant, he prays for an injunction restraining the levy, and for a commission to ascertain his indebtedness to the county, and to the officers of the court, and upon payment of his indebtedness in county warrants, and of the costs in United States currency, that the injunction be made perpetual.

The answer admits the judgment in favor of N. Robertson, former treasurer, and that respondent, John Gartman, is his successor in office. The answer avers that the indebtedness upon which the judgment is founded, was for loaned money, either gold or silver, or both, and was due to the school, or three per cent. fund of the county.

At the November term, 1869, of the chancery court of Lawrence county, that court, on motion, dissolved the injunction and dismissed the bill, unless the complainant, at the next term of that court, should show cause why the bill should be sustained.

From the above decree, the case comes to this court, and the only assignment of error is the dissolution of the injunction, and the dismissal of the bill. Whether upon the trial of the suit brought by the treasurer against the present complainant, the latter could have pleaded and proved the county warrants as a set-off to the claim sued on, we are not called upon to determine. The defendant in that action neglected to present his claims for adjudication therein, and shows no reason, in his bill of complaint, in the case before us, why he did not. We presume the county warrants were purchased by him subsequent to the judgment, and at great discounts.

Referring to art. 30, p. 78, Rev. Code, we find that "all coins made current by the laws of the United States, and all warrants drawn by the auditor on the state treasurer, shall be receivable by the tax collectors, in payment of taxes due the state, and in addition to such current coins, all claims on the county treasury, audited and allowed according to law, shall be receivable in payment of county taxes." But the warrants held by complainant are not tendered in payment of taxes, but of a judgment, payable in the currency established by law. No equities are stated in the bill, and we can see no reason why the creditor of a county should be afforded favors and advantages not accorded to a creditor of a citizen, or why a county should be placed in a worse position than any other debtor.

Unable to discover any equity in this bill, but rather the reverse, the decree of the court below is affirmed.